UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| Ryan C. Anderson,<br>a Florida resident, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:10-cv-998J-34-MCR |
| May Management Services Inc., a Florida<br>corporation, and Pulte Homes, Inc., a<br>Michigan corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT PULTE HOMES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, PULTE HOMES, INC. ("Pulte" or the "Defendant"), by and through its undersigned counsel, hereby answers the allegations in the Complaint filed against it by the Plaintiff, Ryan C. Anderson ("Anderson" or the "Plaintiff") and responds to the allegations contained therein as follows:

1.      Pulte admits Plaintiff has alleged claims under the statutes alleged, but denies that Pulte is a proper party to this action and that Plaintiff is entitled to any damages or relief.

2.      Pulte admits the allegations contained in paragraph 2 of Plaintiff's Complaint that this Court has jurisdiction over the subject matter of Plaintiff's claims but denies that Pulte is a proper party to this action and denies any remaining allegations contained in paragraph 2 of Plainitff's Complaint.

3.      Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

1

**The Parties**

4.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.        Pulte denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.        Pulte denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

**General Factual Allegations**

8.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.        Pulte denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

10.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14.        Pulte denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.        Pulte denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.        Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.     Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Pulte does not have sufficient knowledge to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Pulte denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

## Count I – USERRA (Discrimination §4311)

22.     Pulte hereby incorporates its responses to paragraphs 1-20 of Plaintiff's Complaint as if set forth herein.

23.     Pulte denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Pulte denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

## Count II – USERRA (Failure to Re-employ § 4312)

25.     Pulte hereby incorporates its responses to paragraphs 1-20 of Plaintiff's Complaint as if set forth herein.

26.     Pulte denies the allegations contained in paragraph 26 of Plaintiff's Complaint

27.     Pulte denies the allegations contained in paragraph 27 of Plaintiff's Complaint

## Count III – Unlawful Discrimination (Fla. Stat. § 250.481)

28.     Pulte hereby incorporates its responses to paragraphs 1-20 of Plaintiff's Complaint as if set forth herein.

29.     Pulte denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Pulte denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

Pulte denies that Plaintiff is entitled to any damages or relief as alleged in the WHEREFORE paragraph of Plaintiff's Complaint.

31.     Pulte denies the allegations contained in paragraph 31 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

32.     Pulte denies the allegations contained in paragraph 32 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

33.     Pulte denies the allegations contained in paragraph 33 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

34.     Pulte denies the allegations contained in paragraph 34 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

35.     Pulte denies the allegations contained in paragraph 35 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

36.     Pulte denies the allegations contained in paragraph 36 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

37.     Pulte denies the allegations contained in paragraph 37 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

38.     Pulte denies the allegations contained in paragraph 38 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

39.     Pulte denies the allegations contained in paragraph 39 of Plaintiff's Complaint and denies that Plaintiff is entitled to any damages or relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Regardless of Plaintiff's allegations, Pulte is not a proper party to this lawsuit. Plaintiff's allegations are based on the alleged conduct of Gigi Santopadre, who was not employed by Pulte and was not a representative of Pulte. Nor was Plaintiff employed by Pulte.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part, by the applicable statute of limitations or other periods of limitations.

### Third Affirmative Defense

Pulte asserts that Plaintiff has failed to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiff has failed to exhaust his administrative remedies and/or to meet conditions precedent for bringing an action under and seeking reemployment under USERRA and Fla. Stat. §250.481.

### Fifth Affirmative Defense

The damages of which Plaintiff complains were beyond the control of Pulte and were caused by acts and/or omissions or third persons or parties beyond the control of Pulte. Pulte denies any negligence or fault on its part.

### Sixth Affirmative Defense

Plaintiff was never employed by Pulte and reemployment would be impossible, unreasonable, and impose an undue hardship with respect to Pulte.

**Seventh Affirmative Defense**

Plaintiff's employment with his employer, which Pulte denies being, was brief, nonrecurrent and with no reasonable expectation that it would continue indefinitely or for a significant period.

**Eighth Affirmative Defense**

Any adverse action taken with regard to Plaintiff, which Pulte denies taking, would have been taken absent Plaintiff's military service or exercise of his rights under USERRA or Fla. Stat. §250.481.

**Ninth Affirmative Defense**

Any decisions regarding Plaintiff were made for legitimate non-discriminatory reasons.

**Tenth Affirmative Defense**

Any acts of Pulte has been lawful, privileged, justified and undertaken in good faith, in that at all times, Pulte was asserting its legal rights with a good faith belief in those rights.

**Eleventh Affirmative Defense**

Plaintiff's requests for recovery are limited by law.

**Twelfth Affirmative Defense**

Pulte asserts that some or all of the allegations in Plaintiff's Complaint are barred by the doctrine of laches, estoppel and/or waiver.

**Thirteenth Affirmative Defense**

Pulte asserts that some or all of the Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages.

**Fourteenth Affirmative Defense**

Plaintiff has failed to establish any entitlement to an award of liquidated damages.

**Fifteenth Affirmative Defense**

The claims for relief contained within the Complaint fail to state facts sufficient to constitute a basis for an award of attorney's fees and/or expenses.

**Sixteenth Affirmative Defense**

Pulte reserves the right to plead other affirmative defenses which may become known during discovery in this case.

WHEREFORE, Defendant requests that after due proceedings are had, that Plaintiff's Complaint be dismissed in its entirety and with prejudice and that Plaintiff take nothing. Further, Defendant requests judgment be rendered in favor of Defendant and that it be awarded all costs and attorney's fees incurred in defending this meritless action and other such relief the Court deems just and proper.

Respectfully submitted,


___/s/ Jonathan W. Oliff _____
Jonathan W. Oliff, Florida Bar No. 0496197
Leonard V. Feigel, Florida Bar No. 0027752
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
P. O. Box 240
Jacksonville, FL 32201-0240
904.359.2000
904.359.8700

Attorneys for Defendant, Pulte Homes, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2011 I, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jorge Schmidt
Law Offices of Jorge Schmidt, P.A.
1820 S.W. 12th Street
Miami, FL   33135

Latasha Garrison-Fullwood
Shalisa M. Francis
Taylor, Day, Currie, Boyd & Johnson
50 North Laura Street, Suite 3500
Jacksonville, FL  32202


   __/s/ Jonathan W. Oliff_____
   Jonathan W. Oliff