UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN C. ANDERSON,
A Florida resident,

   Plaintiff(s),     Case No.: 3:10-CV-998-J-34MCR

v.

MAY MANAGEMENT SERVICES INC., a
Florida corporation, and PULTE HOMES,
INC., a Michigan corporation,

   Defendant(s).
_____

## CASE MANAGEMENT REPORT

Pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c), Ryan C. Anderson ("Plaintiff") and Defendants, May Management Services Inc. and Pulte Homes (collectively referred to herein as "Defendants") hereby file their Case Management Report. The parties have been unable to agree on all of the proposed scheduling dates. In particular, Plaintiff believes the case can be resolved in a shorter period than proposed by Defendants. Defendants, however, believe the case will require additional time for disposition. Defendants believe this is particularly true given that Plaintiff will likely file an amended complaint substituting a certain "Centex Homes" entity for Pulte Homes, Inc. Given that the parties were unable to agree on dates, the parties submit Defendants' proposed scheduling order dates and Plaintiff's proposed dates.

| DEADLINE OR EVENT | DEFENDANTS' PROPOSED DATE | PLAINTIFF'S PROPOSED DATE |
|---|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | March 22, 2011 | March 22, 2011 |

1

| DEADLINE OR EVENT | DEFENDANTS' PROPOSED DATE | PLAINTIFF'S PROPOSED DATE |
|---|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement** [all parties are directed to complete and file the attached] | Filed by May Management Services, Inc.; Not yet filed by Pulte Homes (Pulte Homes expects the entity that employed Mr. Santopadre will be substituted for Pulte Homes. That entity will file the appropriate certificate). | Filed by Plaintiff. |
| **Motions to Add Parties or to Amend Pleadings** | May 4, 2011 | May 4, 2011 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: | **October 31, 2011** **Nov. 30, 2011** | **August 1, 2011** **August, 15, 2011** |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **January 31, 2012** | **September 1, 2011** |
| **Dispositive and Daubert Motions** [Court requires 4 months or more before trial term begins] | **March 5, 2012** | **October 1, 2011** |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final | **August 2012** | **February 1, 2012** |

2

| DEADLINE OR EVENT | DEFENDANTS' PROPOSED DATE | PLAINTIFF'S PROPOSED DATE |
|---|---|---|
| Pretrial Conference to be set by the Court the preceding month.  If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | | |
| **Estimated Length of Trial**   [trial days] | **4 days** | **3 days** |
| **Jury / Non-Jury** | Jury | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:   Michael Dewberry<br>Address:    Rogers Towers, P.A.<br>                   1301 Riverplace Blvd, Ste. 1500<br>                   Jacksonville, Florida 32207<br>Telephone:  (904) 348-5936<br><br>[Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | **January 30, 2012** | **October 31, 2011** |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____<br>No   X   | |

I.   **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.)  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on January 21, 2011 (date) at 2:00 p.m. and was attended by:

3

| Name | Counsel for (if applicable) |
|---|---|
| Michael C. Mikiciuk on behalf of Robert W. Hudson, | Attorney for Ryan Anderson |
| Latasha Garrison Fullwood, Esq. | Attorney for May Management Services, Inc. |
| Jonathan W. Oliff, Esq. | Attorney for Pulte Homes, Inc. |

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [X] request [__] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

differences in proposed dates as stated above.

## III. Pre-Discovery Initial Disclosures of Core Information

### Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

The parties (check one) [__] have exchanged [ X ] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by March 22, 2011 (date).

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party,

governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**. Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

    **B.**    **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. <u>See</u> Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook. Each party shall timely serve discovery requests so

that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

<u>The parties have no additional agreements regarding discovery at this time. However, parties reserve the right to petition the court regarding discovery matters should the parties deem necessary.</u>

### C.     Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. <u>See</u> Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

<u>The parties have no additional agreements regarding confidentiality agreements or motions to be filed under seal at this time. However, parties reserve the right to</u>

petition the court regarding these matters should the parties deem necessary.

D.     **Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The parties have no additional agreements regarding disclosure or discovery of electronically stored information and claims of privilege at this time.  However, parties reserve the right to petition the court regarding these matters should the parties deem necessary.

**V.     Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.    Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

N/A at this time.

7

Dated: February 22, 2011

| | |
|---|---|
| */s/ Robert W. Hudson* | */s/ Latasha Garrision-Fullwood* |
| **Michael C. Mikiciuk, Esq.** | **Latasha Garrison-Fullwood, Esq**. |
| Florida Bar No.: 31543 | Florida Bar No.: 0180602 |
| Email: Robert.hudson@izhmlaw.com | Email: lfullwood@tdclaw.com |
| **Antonio C. Castro, Esq.** | **Shalisa M. Francis, Esq.** |
| Florida Bar No.:997080 | Florida Bar No.: 58921 |
| Email: antonio.castro@izhmlaw.com | Email: sfrancis@tdclaw.com |
| | **Taylor, Day, Currie, Boyd & Johnson** |
| **Infante, Zumpano, Hudson & Miloch, LLC.** | 50 North Laura Street, Suite 3500 |
| 500 South Dixie Highway, Suite 302 | Jacksonville, Florida 32202 |
| Coral Gables, Florida 33146 | Tel:  (904) 356-0700 |
| Tel: (305) 503-2990 | Fax: (904) 356-3224 |
| Fax: 305-774-5908 | Attorney for Defendant, May Management Services, Inc. |
| and | */s/ Jonathan W. Oliff* |
| | **Jonathan W. Oliff, Esq.** |
| **Jorge Schmidt, Esq.** | Florida Bar No.: 0496197 |
| Florida Bar No.: 781711 | Email: joliff@foley.com |
| Email: js@jorgeschmidt.com | **Leonard V. Feigel** |
| **Law Offices of Jorge Schmidt, P.A.** | Florida Bar No.: 0027752 |
| 1812 S.W. 12th Street | **Foley & Lardner, LLP** |
| Miami, Florida 33135 | One Independent Drive, Suite 1300 |
| Telephone (786) 287-0657 | Jacksonville, Florida 32202-5017 |
| | Tel:  (904) 359-2000 |
| Attorneys for Plaintiff, Ryan Anderson | Fax: (904) 359-8700 |
| | Attorneys for Defendant, Pulte Homes, Inc. |

8